UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIKE RENTFROW | * | CIVIL ACTION |
| VERSUS | * | NO: NO. 05-3736 |
| EPIC COMPANIES, ET AL | * | SECTION: "D"(2) |

### ORDER AND REASONS

Before the court are the following motions filed by Plaintiff, Mike Rentfrow:

(1) **"Motion for Partial Summary Judgment Concerning Penalty Wage Statute Violation" (Doc. No. 54)**; and

(2) **"Motion for Sanctions" (Doc. No. 55).**

Defendants, Epic Companies, Epic Divers Inc., Epic Marine, LLC, Seahorse Services, Inc., Julie Rodriguez and Roger Rodriguez, filed memoranda in opposition to these motions. The motions, set for hearing on Wednesday, March 4, 2009, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

Plaintiff worked for Defendants as a marketing representative from September 2002 to October 2004, when he was fired.

Plaintiff's salary was based at least in part on commissions calculated as a percentage of his sales. Defendants did not pay Plaintiff any commissions after his termination in October 2004. On August 9, 2005, Plaintiff sued Defendants for breach of his employment contract, failure to pay wages and commissions in violation of Louisiana's Penalty Wage Statute, LSA-R.S. 23:631 *et seq.*,[1] wrongful discharge; unjust enrichment; fraud in the inducement; and intentional infliction of emotional distress.

---

[1] Pursuant to LSA-R.S. 23:631,

> A. (1)(a) Upon discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
>
> . . .
>
> B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount that is due as provided for in Subsection A of this Section....

(LSA-R.S. 23:631).

Pursuant to LSA-R.S. 23:632,

Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for the full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. **Reasonable attorney fees** shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event **a well-founded suit** for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

(LSA-R.S. 23:632)(emphasis added).

On or about December 16, 2008, Defendants paid Plaintiff $27,374.01 "as an unconditional tender of wages to Mike Rentfrow calculated in accordance with the report of Sharon Macke, CPA on behalf of Epic Divers, Inc, and includes interest based on the amount she indicated in her report." (*See* Plaintiff's Ex. W, attached to Memorandum in Support of Motion for Partial Summary Judgment).[2]

In his Motion for Partial Summary Judgment, Plaintiff contends that Defendants continue to owe him in excess of $200,000.00 for unpaid commissions, and that additional amounts are owed for penalty, interest, litigation costs and attorney fees. (*See* Amended Supporting Memorandum, p. 5).

Plaintiff also argues that Defendants have withheld information that Defendants falsely represented had been destroyed or remained unretrievable because of damage from Hurricane Katrina. Plaintiff further argues that on December 18, 2008, Defendants electronically produced thousands of pages of new information, but Defendants knew they had this information and only produced it

---

[2] The Macke report is Plaintiff's Ex. V, attached to Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment.

Plaintiff argues that, in November 2008, when Macke (Defendants' expert) calculated the amount of commission due Plaintiff, she used information which Plaintiffs had requested, but had not been produced to Plaintiff.

Plaintiff further states that, in October 2008, when his own expert, Ronald J. Prejean, CPA, made his own calculations of the commissions that Defendants purportedly owe Plaintiff, Mr. Prejean did not have the information used by Defendants' expert, Macke.

3

"after its existence was "outed" during the deposition of their IT manger [Mike Simoneaux]." (*Id*. at p. 16).[3]

In his Motion for Sanctions, Plaintiff seeks the court to impose sanctions of Defendants for continued and intentional retention of documents and failing to comply with discovery requests and the court's discovery orders and authority. Plaintiff also seeks attorney's fees and costs, an order prohibiting Defendants from using or presenting documents Defendants failed to produce until after December 1, 2008, and for a spoilation finding regarding an alleged non-produced written agreement ("the yellow pad agreement") setting forth Plaintiff's commission percentage for the years 2004-06.

The court finds that there are at least genuine issues of material fact regarding: the gross revenues of the Epic Defendants; whether commissions in 2003 were paid or due; and the calculation of commissions allegedly owed Plaintiff after his October 1, 2004 termination.[4] Further, the parties have now agreed to present the

---

[3] Plaintiff also claims that despite the production on December 18, 2008, Defendants still have not produced certain requested information, such as "bid logs, project bid awards, project correspondence. general correspondence, agreements entered supplemental to Master Service Agreements, billing statements, invoices, accounts receivable, collections received, payments made, contract disputes, accounts aging, email correspondence and other accounting information concerning projects sold by Mr. Rentfrow." (Plaintiff's Amended Memo. at p. 16).

[4] "Defendants admit that some commissions were due [after Plaintiff's October 1, 2004 termination]; [but] the amount of those wages is in dispute. The Defendants have [unconditionally] tendered an amount, with interest, which they believe may be higher than actually due but firmly dispute the amounts claimed by the Plaintiff." (Defendants' Opp. to Plaintiff's Motion for Partial Summary Judgment, at p. 5).

accounting issues to an independent forensic accountant whose determination will be binding. Thus, the court concludes that Plaintiff's **Motion for Partial Summary Judgment** should be denied.

The court also finds, at this juncture, that Plaintiff's **Motion for Sanctions** should be denied, but without prejudice to be re-asserted at Trial, after the court considers the relevant and admissible evidence and assesses the credibility of witnesses.

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion for Partial Summary Judgment Concerning Penalty Wage Statute Violation" (Doc. No. 54)** be and is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's **"Motion for Sanctions" (Doc. No. 55)** be and is hereby **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that the parties provide the court and the Magistrate Judge a copy of the **report of the independent forensic accountant** as soon as it becomes available, but no later than by **Thursday, April 23, 2009** (which is two weeks before the May 7, 2009, Pre-Trial Conference).

---

"The Defendants [also] do not dispute that the court can award attorney fees on an amount recovered by the Plaintiff for past wages, but disputes that the Plaintiff has a right to [recover] attorney fees for pursing areas of alleged commission calculations that are unsupported ...." (*Id*. at pp. 20-21).

New Orleans, Louisiana, this **5th** day of **March**, **2009**.

	_____
	A.J. McNAMARA
	UNITED STATES DISTRICT JUDGE